IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 2 2 2011
CLERK, U.S. DISTRICT COURT
By _____
Deputy

ROBERTO MORENO GOMEZ, §
 §
    Petitioner, §
 §
v. § No. 4:10-CV-731-A
 §
RICK THALER, Director, §
Texas Department of Criminal, §
Justice, Correctional §
Institutions Division, §
 §
    Respondent. §

<u>MEMORANDUM OPINION</u>
<u>AND</u>
<u>ORDER</u>

    This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Roberto Moreno Gomez, a state prisoner currently incarcerated in Huntsville, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent. After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

    I. FACTUAL AND PROCEDURAL HISTORY

    On July 25, 2007, a jury found petitioner guilty on three counts of aggravated sexual assault of child and three counts of indecency with a child in Cause No. CR10391 in Hood County,

Texas. (State Habeas R. 33-56, 60-62) Petitioner appealed his convictions, but the Second District Court of Appeals of Texas affirmed the trial court's judgments, and the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. *Gomez v. Texas*, No. 2-07-284-CR, slip op., 2009 WL 806906 (Tex. App.-Fort Worth Mar. 26, 2009); *Gomez v. Texas*, PDR No. 632-09. Petitioner also filed a state application for writ of habeas corpus raising the claims presented herein, which was denied by the Texas Court of Criminal Appeals without written order. *Ex parte Gomez*, Appl. No. WR-73,751-01, at cover. This federal petition followed, wherein petitioner appears only to challenge the greater offenses for aggravated sexual assault of child. (Pet. at 2)

## II. Issues

Petitioner states the following grounds for habeas relief:

(1) The trial court abused its discretion and violated his due process rights by failing to grant a continuance to conduct a mitigation investigation;

(2) The trial court abused its discretion by failing to grant him a continuance to locate a defense witness;

(3) The trial court violated his due process rights by failing to disclose to the defense material information contained in CPS records; and

(4) The cumulative errors committed by the trial court amounted to harmful errors.

2

(Pet. at 7-8)

### III. Rule 5 Statement

Thaler does not contend petitioner's claims are unexhausted or that his petitioner is untimely or successive. (Resp't Ans. at 6)

### IV. Discussion

**1. Legal Standard for Granting Habeas Corpus Relief**

Under 28 U.S.C. § 2254(d), a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in state court proceedings unless he shows that the prior adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. 28 U.S.C. § 2254(d). A decision is contrary to clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court of the United States on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000); *see also Hill v.*

*Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). A state court decision will be an unreasonable application of clearly established federal law if it correctly identifies the applicable rule but applies it unreasonably to the facts of the case. *Williams*, 529 U.S. at 407-08.

Further, federal courts give great deference to a state court's factual findings. *Hill*, 210 F.3d at 485. Factual determinations by a state court are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See* 28 U.S.C. § 2254(d)(2), (e); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003); *Williams*, 529 U.S. at 399. This presumption applies to all findings, express and implied. *See Valdez v. Cockrell*, 274 F.3d 941, 948 (5th Cir. 2001). The applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Typically, when the Texas Court of Criminal Appeals denies relief in a state habeas corpus application without written opinion, it is an adjudication on the merits entitled to the presumption. *See Singleton v. Johnson*, 178 F.3d 381, 384

(5th Cir. 1999); *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997).

2. *Legal Discussion*

Petitioner raised his claims on direct appeal, and the state appellate court addressed the claims as follows:

> Appellant challenges the denial of his motions for continuance and the trial court's refusal to allow him to view Texas Department of Family and Protective Services (TDFPS) records after an in camera inspection. Because we hold that the trial court did not reversibly err, we affirm the trial court's judgment.
>
> In his third issue, Appellant contends that the trial court violated his due process rights by failing to disclose to him material information contained in TDFPS records and failing to conduct a required in camera inspection of all such records provided to the trial court for review. On June 18, 2007, defense counsel requested that documents be subpoenaed from TDFPS and that the documents be received by July 10. The documents requested involve Appellant, his immediate family, the complainants (who are Appellant's great-nieces), and their mother. On July 17, TDFPS filed a motion to quash Appellant's subpoenas and, alternatively, a motion for in camera inspection and protective order concerning the subpoenaed documents; TDFPS also supplied the subpoenaed documents to the trial court. The trial court conducted an in camera inspection of "some eight volumes of those" documents; determined that there was no material, exculpatory information found in them; and denied Appellant access to the documents on July 19. On July 23, Appellant contended that he had spoken with a TDFPS employee who indicated to him that additional documents had been overnighted to the State the previous Friday and should be on file. The record before us does not contain any

request that these additional documents be viewed in camera.

After the submission of this appeal, this court allowed Appellant's counsel and the State to view all the sealed documents. We also allowed the parties to amend or supplement their briefs on the merits. In his supplemental brief, Appellant maintains that the trial court violated *Brady v. Maryland* by failing to release material, exculpatory evidence to him before trial. Despite his access to the documents, Appellant fails to point this court to the specific documents on which he relies among the voluminous documents contained in the two boxes of sealed documents submitted to and held by this court. We therefore overrule Appellant's third and supplemental issues as inadequately briefed.

In his first issue, Appellant contends that the trial court abused its discretion and deprived him of his rights to due process under the federal and state constitutions by denying his motion for continuance to complete a mitigation investigation. On June 18, 2007, Appellant's first motion for continuance was heard in chambers. In the motion, Appellant stated that defense counsel was still investigating Appellant's background and that of his family, that the mitigation expert had not had enough time to complete her tasks, and that there was "reason to believe" that she could complete her tasks within thirty days. The motion was granted, and the case was originally reset to August 27, 2007. Apparently, however, also on June 18, the trial court changed the trial setting to July 23, 2007, with the pretrial hearing to occur on July 17.

On July 9, Appellant filed his second motion for continuance. In that motion, Appellant contended that his counsel was still investigating his background and had subpoenaed various documents regarding Appellant's mental health as well as that of the complainants that had not yet been supplied (the TDFPS records), that the mitigation expert would need additional time to review those records and complete her tasks, and that defense counsel had not yet been able to complete all tasks

necessary to determine whether a testifying expert would be necessary. On July 17, the trial court denied Appellant's motion for continuance.

On July 23, the date of trial, Appellant argued his third motion for continuance, filed July 20, again urging the grounds from his second motion, requesting additional time for preparation, noting that he had again subpoenaed documents from TDFPS that he believed he was entitled to and that he believed had been received, and complaining about the trial court's denying him access to the TDFPS records already on file. The trial court denied this motion.

The denial of a motion for continuance is within the sound discretion of the trial court. A defendant must show "specific prejudice to his defense" to establish that the trial court abused its discretion by refusing to grant a continuance. Examples of specific prejudice include unfair surprise, an inability to effectively cross-examine witnesses, and the inability to elicit crucial testimony from potential witnesses. The assertion, however, that counsel did not have time to adequately investigate for potential mitigating evidence without any showing of harm fails to establish an abuse of discretion. Appellant's counsel had access to the subpoenaed documents in this court but has not shown us, by directing us to any specific documents or instances at trial, that Appellant's defense was specifically prejudiced by the denial of either his second or third motion for continuance. Appellant has therefore not shown that the trial court abused its discretion by denying his written motions for continuance. We overrule Appellant's first issue.

In his second issue, Appellant contends that the trial court abused its discretion by failing to grant him a continuance to locate a witness vital to the presentation of his case. After discussing his third

motion for continuance, defense counsel added the following on the record,

> Finally, Your Honor, we received information this morning on the existence and location of an Isaiah Gomez, who's a key witness for the defense in this case. We just today learned that this individual is in custody in a boot camp in Bridgeport, Texas. We have not had an opportunity to, having just received this information a few minutes ago, to get with him and verify with him, but we do believe him to be a central witness in this case based on statements made ... previously by family members. Specifically, Your Honor, that witness can testify to a prior allegation made by the ... [complainant] in this case of sexual assault, and that certainly goes to the bias and accuracy of the complaint.

The trial court denied the motion. As the Texas Court of Criminal Appeals has explained,

> When the defendant's motion for continuance is based on an absent witness, it is necessary to show (1) that the defendant has exercised diligence to procure the witness's attendance, (2) that the witness is not absent by the procurement or consent of the defense, (3) that the motion is not made for delay, and (4) the facts expected to be proved by the witness. It must appear to the trial court that the facts are material. Mere conclusions and general averments are not sufficient for the court to determine their materiality, and the motion for continuance must show on its face the materiality of the absent testimony.

Even assuming that the oral motion for continuance here was sufficient to invoke the equitable powers of the court, Appellant failed to show due diligence as

> required for a continuance because of an absent
> witness. He has therefore not shown that the trial
> court abused its discretion by denying the continuance.
> We overrule Appellant's second issue.
>
> Having overruled his other issues, we also
> overrule Appellant's fourth issue, in which he
> complains of cumulative error.

*Gomez v. State*, 2009 WL 806906, at *1-3 (citations and footnotes omitted).

Petitioner has wholly failed to demonstrate that the state court's adjudication of the issues resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court. Even if petitioner had demonstrated the trial court's actions violated the Constitution, which he has not, petitioner has not demonstrated the error had a substantial and injurious effect or influence in determining the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993). A habeas petitioner is not entitled to relief based on trial error unless it resulted in actual prejudice. Petitioner does not explain what additional mitigation evidence he could have obtained with more time that might have assisted his defense. Nor does petitioner proffer the testimony of Isaiah

Gomez, the uncalled witness, or show that Gomez would have been willing to testify and that his testimony would have been admissible and favorable to the defense. Mere conclusory allegations do not raise a constitutional issue in a habeas proceeding. *Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000). Finally, petitioner's claim that the trial court failed to disclose material information contained in sealed CPS documents was rendered moot when the state appellate court allowed petitioner's counsel to view all sealed documents in the case and amend and/or supplement appellant's brief on the merits.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as

petitioner has not made a substantial showing of the denial of a constitutional right.

    SIGNED April 22, 2011.

                               JOHN MCBRYDE
                               UNITED STATES DISTRICT JUDGE